ESTATE OF LUCY S. SCHIEFFELIN, TITLE GUARANTEE AND TRUST COMPANY AND BENJAMIN G. BAIN, EXECUTORS, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 99961. Promulgated April 9, 1941.

*H. F. Matheis, C. P. A.*, for the petitioners.
*Allen T. Akin, Esq.*, for the respondent.

139

OPINION.

VAN FOSSAN: The issue is whether taxes paid by the decedent, the mortgagee, either before or after foreclosure, should be included in the debt due to her in computing her gain or loss from the foreclosure transaction, or should be added to the cost of the property purchased by her, thus creating an increased base for the computation of future gain or loss upon its disposition.

The petitioners contend that section 23 (k) of the Revenue Act of 1934,[1] as interpreted by Regulations 86, article 23 (k)–3,[2] is controlling

---

[1] SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions:

\* \* \* \* \* \*

(k) BAD DEBTS.—Debts ascertained to be worthless and charged off within the taxable year (or, in the discretion of the Commissioner, a reasonable addition to a reserve for bad debts) ; \* \* \*

[2] ART. 23 (k)–3. *Uncollectible deficiency upon sale of mortgaged or pledged property.*— If mortgaged or pledged property is lawfully sold (whether to the creditor or another purchaser) for less than the amount of the debt, and the mortgagee or pledgee ascertains that the portion of the indebtedness remaining unsatisfied after such sale is wholly or partially uncollectible, and charges it off, he may deduct such amount (to the extent that it constitutes capital or represents an item the income from which has been returned by him) as a bad debt for the taxable year in which it is ascertained to be wholly or partially worthless and charged off. In addition, if the creditor buys in the mortgaged or pledged property, loss or gain is realized measured by the difference between the amount of those obligations of the debtor which are applied to the purchase or bid price of the property (to the extent that such obligations constitute capital or represent an item the income from which has been returned by him) and the fair market value of the property. The fair market value of the property shall be presumed to be the amount for which it is bid in by the taxpayer in the absence of clear and convincing proof to the contrary. If the creditor subsequently sells the property so acquired, the basis for determining gain or loss is the fair market value of the property at the date of acquisition.

and should be applied whether the taxes and assessments are paid before or after the mortgagee acquires the property. They maintain that the taxes and water rates, whether paid or accrued, properly form a part of the debt due to the mortgagee and should be recognized in computing gain or loss on the foreclosure transaction.

The petitioners quote section 254-6, Real Property Law of the State of New York,[3] in support of their position. The provisions in the mortgage agreement, as well as the interpretation thereof embodied in the law, grant the mortgagee the right to pay all taxes, assessments or water rates which may become liens against the mortgaged property, if the mortgagor fails to do so, and all amounts so paid serve to increase the mortgagee's investment in the debt secured by the mortgage. This privilege or right is obviously given in order to protect the mortgagee's investment. If he avails himself of that right his investment is enlarged by the amount so paid and upon foreclosure the augmented debt becomes the base of computing his gain or loss.

The taxes on the Third Avenue property were paid by the decedent prior to her acquisition of it upon foreclosure. Thus, pursuant to contractual and statutory provisions, they became a specific obligation of the debtor to her, secured by the same character of lien and mortgage as that which secured the original mortgage indebtedness. The base of her investment was thereby enhanced. The amount of the taxes is a factor in determining the decedent's gain or loss upon the foreclosure of the Third Avenue property and hence the petitioners' contention is sustained.

The taxes accrued on the Oceanic Avenue property present a different situation. They were not paid until the taxable year following the date of the foreclosure. The petitioner did not exercise her right to pay the taxes prior to foreclosure and consequently to increase her investment in the mortgage debt secured by that property.

In *Minnie M. Coward*, 39 B. T. A. 1158 (affirmed as to the point at issue, 110 Fed. (2d) 725), we said:

> It is well settled that if the purchaser of real estate pays taxes thereon which have accrued prior to the date of purchase, such payments are an additional cost of the property to the purchaser and are therefore not deductible by him as his taxes.

In *Lifson* v. *Commissioner*, 98 Fed. (2d) 508, the court stated:

> When one purchases land which is subject to a lien for taxes, the subsequent payment of those taxes by the purchaser does not constitute an allowable de-

---

[3] *Mortgagor to pay all taxes, assessments or water rates.*

A convenant "that the mortgagor will pay all taxes, assessments or water rates and in default thereof, the mortgagee may pay the same" must be construed as meaning that until the amount hereby secured is paid, the mortgagor will pay all taxes, assessments and water rates which may be assessed or become liens on said premises, and in default thereof the holder of this mortgage may pay the same and the mortgagor will repay the same with interest, and the same shall be liens on said premises and secured by the mortgage.

duction from gross income, for the reason that the taxes accrued while the land was in other ownership and the payment of them is merely a payment of a part of the cost of acquiring the property.

See *Merchants Bank Building Co.* v. *Helvering*, 84 Fed. (2d) 478, and other similar cases.

In the cases from which the above excerpts are quoted the issue was the deductibility of taxes as such, but the principles there set forth are equally applicable to the situation here. As to the Oceanic Avenue property, therefore, the taxes and water rates due thereon at the time of the foreclosure sale and paid by the decedent in the following taxable year constituted additional cost of the property purchased and form no part of the computation of the decedent's gain or loss upon foreclosure.

*Decision will be entered under Rule 50.*